# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-342V
Filed: April 8, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMY CAIN, | * |
| | *    Damages decision based on stipulation; |
| Petitioner, | *    influenza vaccine; Miller-Fisher variant |
| | *    of Guillain-Barré Syndrome |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Danielle A. Strait, Washington, DC, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On April 8, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered Miller-Fisher variant of Guillain-Barré Syndrome ("GBS-MFV") that was caused by her October 13, 2012, receipt of influenza ("flu") vaccine. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Respondent denies that the flu vaccine caused petitioner's GBS-MFV or any other condition. Nonetheless, the parties agreed to resolve this matter

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

informally.

The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards a lump sum of **$58,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).   The award shall be in the form of a check for **$58,000.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**


Dated: <u>April 8, 2014</u>                                                                    <u>s/ Laura D. Millman</u>
                                                                                                        Laura D. Millman
                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

```
**************************************
AMY CAIN,                          *
                                   *
              Petitioner,          *          No. 13-342V
                                   *          SPECIAL MASTER
v.                                 *          LAURA MILLMAN
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
              Respondent.          *
**************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1.    Petitioner filed a petition for vaccine compensation under the National Vaccine

Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The

petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza

("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R.

§ 100.3 (a).

2.    Petitioner received a flu immunization on October 13, 2012.

3.    The vaccine was administered within the United States.

4.    Petitioner alleges that she developed the Miller-Fisher variant of Guillain Barré

Syndrome ("GBS-MFV") that was caused-in-fact by her flu vaccination, and that she

experienced residual effects of this injury for more than six months.

5.    Petitioner represents that there has been no prior award or settlement of a civil

action for damages on her behalf as a result of her condition.

6.     Respondent denies that petitioner's GBS-MFV, or any other condition, was
caused-in-fact by her flu vaccination administered on October 13, 2012.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that
the issues between them shall be settled and that a decision should be entered awarding the
compensation described in paragraph 8 of this Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent
with the terms of this Stipulation, and after petitioner has filed an election to receive
compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human
Services will issue the following vaccine compensation payment:

A lump sum of $58,000.00 in the form of a check payable to petitioner.  This amount
represents compensation for all damages that would be available under 42 U.S.C.
§ 300aa-15(a).

9.     As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to
42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings
before the special master to award reasonable attorneys' fees and costs incurred in proceeding
upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to
this Stipulation is not for any items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be
expected to be made under any State compensation programs, insurance policies, Federal or
State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.
§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 13, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about May 20, 2013, in the United States Court of Federal Claims as petition No. 13-342V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity

3

with a decision that is in complete conformity with the terms of this Stipulation, then the parties'
settlement and this Stipulation shall be voidable at the sole discretion of either party.

      16.     This Stipulation expresses a full and complete negotiated settlement of liability
and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,
except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of
the parties hereto to make any payment or to do any act or thing other than is herein expressly
stated and clearly agreed to.  The parties further agree and understand that the award described in
this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or
amount of damages, and further, that a change in the nature of the injury or condition or in the
items of compensation sought, is not grounds to modify or revise this agreement.

      17.     This Stipulation shall not be construed as an admission by the United States or the
Secretary of Health and Human Services that petitioner's GBS-MFV, or any other condition, was
caused-in-fact by her flu vaccination administered on October 13, 2012.

      18.     All rights and obligations of petitioner hereunder shall apply equally to
petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*Amy Cain*

AMY CAIN

ATTORNEY OF RECORD FOR
PETITIONER:

DANIELLE A STRAIT
MAGLIO, CHRISTOPHER & TOALE, P.A.
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C., 20004
(901)762-0535

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation.
Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

5